UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UZMA ZUMBRINK, )
)
Plaintiff, ) No. 4:14-CV-1191 JAR
)
v. )
)
DILLARD'S INC., )
)
Defendant. )

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand (ECF No. 7). This matter is fully briefed and ready for disposition.[1]

# LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Manning, 304

---

[1] E.D.Mo. L.R. 4.01(C) provides that "[w]ithin seven (7) days after being served with a memorandum in opposition, the moving party may file a reply memorandum." The time for filing a reply has run and the Court rules on the Motion for Remand based upon the briefing provided.

F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy. Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir.2009); Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir.2009). "Where ... the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party ... must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minn. Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir.2003). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Green v. Dial Corp., No. 4:11–CV–1635 (AGF), 2011 WL 5335412, at *1 (E.D.Mo. Nov. 4, 2011) (citing Bell, 557 F.3d at 956).

**BACKGROUND**

On November 24, 2012, Plaintiff Uzma Zumbrink ("Plaintiff") was a business invitee at Defendant Dillard's Inc.'s store in St. Louis Galleria. (Petition, ECF No. 5, ¶4). Plaintiff was struck with a box of flashlights at Dillard's Inc.'s store. (Id.). Plaintiff alleges that as a direct result of Defendant's negligence, "Plaintiff sustained injuries to the various bones, joints, muscles, nerves and systems of her body; specifically her right hand, right shoulder and back; she has incurred medical expenses in excess of $4,700.00 and will in the future incur medical expenses; her injuries are permanent, progressive and disabling; her ability to work, labor and enjoy life has been and will in the future be impaired, all to her damage."

Plaintiff filed this action on May 14, 2014 in case number 14SL-CC-01604, in the Circuit Court of St. Louis County, State of Missouri. In her Petition, Plaintiff requested damages "in an

amount that is fair and reasonable under the circumstances[.]" (Petition at 2). Defendant timely removed this action to this Court on July 2, 2014 based upon diversity jurisdiction. (Petition for Removal, ECF No. 1). Defendant contends that "[g]iven that Plaintiff alleges significant permanent and progressive injuries, future medical treatment and an impairment of her ability to work, it appears "to a legal certainty" that the amount in controversy exceeds the jurisdictional amount of $75,000. (Petition for Removal, ¶9). On July 8, 2014, Plaintiff filed this Motion for Remand. (ECF No. 7).

## DISCUSSION

In the Motion for Remand, Plaintiff contends that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. (ECF No. 7). Because the Petition does not allege a specific amount of damages, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 for removal to be proper. In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Clark v. Buske Lines, Inc., 4:05CV2186 TCM, 2006 WL 51195, at 2 (E.D. Mo. Jan. 10, 2006). Plaintiff claims that Defendant cannot prove the amount in controversy by a preponderance of the evidence based upon the allegations in the Petition. (ECF No. 7 (citing Gramc v. Millar Elevator Co./Schindler Enterprises, 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998)(petition that contained allegations of a "litany of injuries" but only evidence of medical bills of $7,500.00 did not satisfy the jurisdictional amount). In her Petition, Plaintiff has alleged her special damages only to be $4,700.00 to date. Plaintiff alleges that she will incur future medical expenses, that her injuries are "permanent, progressive and disability," and that her future employment and ability to enjoy life will be affected. (Petition, ¶9).

In its Memorandum in Opposition to Plaintiff's Motion for Remand ("Opposition"; ECF No. 8), Defendant claims that a fact finder "might legally conclude" that Plaintiff's damages are greater than the requisite jurisdictional amount based upon the allegations in the Petition. (Opposition at 1-2); see Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]"); Bell, 557 F.3d at 959 (same). Defendant asserts that Plaintiff's allegations that she "will in the future incur medical expenses," coupled with the future impairments to her "work, labor, and life" are sufficient to satisfy Defendant's burden to prove the amount in controversy. (Opposition at 3-4) (citing Carville v. Sheraton Corp., 4:08CV01567 FRB, 2009 WL 1393872, at *3 (E.D. Mo. May 15, 2009)(the court concluded that allegations regarding plaintiff's injury from falling face forward from an elevator onto the hotel lobby floor demonstrated that the amount in controversy exceeded the jurisdictional limit, particularly due to the alleged "severity and disabling effects of Mrs. Carville's injuries"); Quinn v. Kimble, 228 F. Supp. 2d 1038, 1040-41 (E.D. Mo. 2002) (denying the plaintiff's motion to remand where the court found that "a jury *could* award the requisite jurisdictional amount, given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired; and that Quinn lost wages"). Defendant emphasizes that Plaintiff has alleged a "multitude of serious injuries that are permanent and progressive" including injuries to her "bones, joints, muscles, nerves and systems of her body," specifically her right hand, right shoulder and back. (Opposition at 8). Although Plaintiff is not required to sign a stipulation limiting her recovery to

$75,000 when filing in state court, Defendant notes that Plaintiff did not stipulate to such a limitation. (Opposition at 8-9).

Given the burden on the removing party to establish the jurisdictional amount, the Court finds that Defendant has failed to establish by a preponderance of the evidence (and that a reasonable fact finder could not legally conclude) that the amount in controversy as to Plaintiff's claim meets the jurisdictional amount. See Clark, 2006 WL 51195, at *2 (remanding for failure to meet the jurisdictional amount where plaintiff's medical bills were $8,297.70, plaintiff had lost wages, and a loss of consortium claim). The Court also finds that Plaintiff's failure to stipulate to damages less than $75,000 likewise does not "establish the requisite amount in controversy." Gramc, 3 F. Supp. 2d at 1084. The Court finds that Plaintiff's limited factual allegations of medical bills in the amount of $4,700.00, plus the routine allegations that her injuries would affect her future ability to work and enjoy life, do not satisfy the jurisdictional amount by the preponderance of the evidence. The Court notes that Plaintiff's damages would have to reach almost sixteen (16) times the current medical damages to reach the requisite jurisdictional amount for removal to be proper. Considering that "[a]ll doubts about federal jurisdiction must be resolved in favor of remand," the Court remands this action to the Circuit Court of St. Louis County, Missouri. Harris v. TransAmerica Life Ins. Co., 4:14-CV-186 CEJ, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014)(quoting In re Bus. Men's Assurance Co. of Am., 992 F.2d at 183).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [7] is **GRANTED**. This matter shall be remanded to the Twenty First Circuit of Missouri in County of St. Louis, Missouri for further proceedings.

Dated this 28th day of July, 2014.

                                                                                         _____
                                                                                         **JOHN A. ROSS**
                                                                                         **UNITED STATES DISTRICT JUDGE**